IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK P. SMITH, | No. C 07-3045 WHA (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO RECONSIDER** |
| v. | |
| PERRY, A., et al., | |
| Defendants. | |

This case was opened when an envelope was received from plaintiff, an inmate of the Contra Costa County Jail, containing three letters of complaint about events at the jail. In an effort to protect plaintiff's rights, they were treated as an attempt to open a new civil rights case.

Because the letters were not accompanied by a filing fee or application for leave to proceed in forma pauperis ("IFP"), the clerk sent plaintiff a notice to that effect.. Plaintiff filed an IFP application, which suggested that he did indeed intend this to be a new case.

In the initial review order the "complaint" was dismissed with leave to amend on a form for prisoner Section 1983 complaints. Plaintiff amended. In the amended complaint plaintiff's description of his claim was: "[w]ill send copies of incident report A.S.A.P. Have sent grievance letter copy wrote to board of supervisors, superior court, Lt. Schuler and U.S.D.C." The Court again dismissed the complaint, this time without leave to amend, saying that "[t]his in no way, shape or form is sufficient to state a claim for relief under Section 1983. . . . Plaintiff was afforded an opportunity to state his claim and has failed to do so."

1  Plaintiff moves for reconsideration of the dismissal. He asserts that he should be
2  allowed to amend again. Plaintiff was afforded an opportunity to file an adequate complaint
3  and failed to make a serious attempt to take advantage of that opportunity.[1] The motion to
4  reconsider (document number 10 on the docket) is **DENIED**.
5      **IT IS SO ORDERED.**
6  Dated: August   15  , 2007.

                                             WILLIAM ALSUP
                                             UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\SMITH045.REC.wpd

---

[1] The "no set of facts" language plaintiff quotes from *Conley v. Gibson*, 355 U.S. 41 (1957), was disapproved in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2